## THE PHENIX INSURANCE COMPANY
### V.
### SOLOMON HART.

*Fire Insurance—Policy of—Action on—Conditions—Incumbrance—Sec. 23, Chap. 73, R. S.*

1. An insurance agent is a proper source of information as to the practice of his company, and it is bound by the statements of such agent, whatever department of its business he has in charge.

2. The placing of a mortgage upon a tract of land other than that upon which a house stands, will not vitiate a policy of insurance on such house, a provision therein prohibiting incumbrances without permission, although the policy refers to it as standing upon the aggregate number of acres.

[Opinion filed January 24, 1891.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JOHN A. BELLATTI, for appellant.

Messrs. MORRISON & WHITLOCK, for appellee.

CONGER, P. J.   On the 30th day of September, 1886, a policy of insurance was issued by appellant to appellee on the latter's house, situated upon one hundred acres in section 28, town 13, range 9, Morgan County, for a period of five years. The house was destroyed by fire September 28, 1889.

One of the conditions of the policy was, " or if the property shall hereafter become mortgaged or incumbered  *  *  * without consent indorsed thereon, then in each and every one of the above cases this policy shall be null and void.   No agent or employe of this company, or any other person or persons, have power or authority to waive or alter any of the terms or conditions of this policy, except only the general agent at Chicago, Illinois, and any waiver or alteration by him must be in writing."   On November 2, 1887, Mr. Burch, general agent, indorsed on the policy permit for a mortgage on the premises of $2,000 to Elias Metcalf.   This mortgage was given and no complaint is made about it.

Some three or four weeks prior to the making of this mortgage to Metcalf, appellee had executed a mortgage on sixty acres of the one hundred described in the policy, but not including the forty acres upon which the house stood, to one Layman.

It is the making of this Layman mortgage that is the principal cause of complaint.

There was a trial and verdict in favor of appellee for $2,826, whereupon appellee remitted $826, and judgment was entered for $2,000.

Appellee testifies that he employed Mr. Upham, the local agent of the appellant company at Jacksonville, to procure for him the loan from Metcalf; that he brought his insurance policies to Mr. Upham and told him to send them in to the company and obtain permission to borrow the money; he also told the agent at this time that he was giving a mortgage upon the forty acres upon which the house stood to Metcalf, and that he had already placed the mortgage upon the other sixty acres of the one hundred mentioned in the policy to Layman, and asked Upham if it would be necessary for any permit from the company for this Layman mortgage, and Mr. Upham

answered that it would not; that a permit was only necessary when it was proposed placing a mortgage upon the forty acres upon which the house stood; and appellee says, relying upon this statement of Mr. Upham, he made no further effort to secure a permit for the Lyman mortgage.

These statements are denied by Upham, but the jury having found a verdict in accordance with appellee's statement, we see no reason for interfering with their conclusion as to the facts.

Mr. Upham says that he is the local agent of appellant at Jacksonville and has been since 1873; that he is agent for what is called the mercantile department, but had nothing to do with the farm department of the company. He sent the policies in to the company to get the premiums to make the Metcalf mortgage.

Appellant is a foreign insurance company and we are inclined to think is bound by the knowledge and acts of Upham as its agent.

In construing Sec. 23 of Chap. 72 R. S., entitled, "Insurance," the Supreme Court in the case of Continental Ins. Co. v. Ruckman, 127 Ill. 364, use the following language:

"The manifest intention was to make such companies responsible for the acts not only of its acknowledged agents, etc., but also of all other persons who in any manner aid in the transaction of their insurance business. Nor do we see anything inequitable or oppressive in such provision. Doubtless the mere assumption of authority to act for an insurance company will not of itself charge the company with responsibility for the acts of the assumed agent. The company must in some way avail itself of such acts, so that the person performing them may be said to aid the company in its insurance business."

Upham certainly aided in the transaction of appellant's business, and was its local representative, and the fact that the company had a mercantile and farming department is of no consequence in this case. Appellee was authorized to apply to Upham for information and the company would be bound by the statement made by him to appellee.

We are inclined to think also that the placing of the Layman mortgage upon the sixty acres of land was not such a violation of the terms of the policy as would render it void.

The application and the policy, it is true, described the house as situate upon one hundred acres of land, which, as we understand the evidence, included a distinct forty acres upon which the house was located, and upon which the Metcalf mortgage was placed, and an adjoining and independent tract of sixty acres upon which the Layman mortgage was placed.

The Layman mortgage was not an incumbrance upon the house, and did not in any way affect the risk; appellee's interest in protecting and preserving the house was in no way lessened by the mortgage. No authorities have been cited upon this question, and its decision is one of first impressions with us, but it appears to be in accordance with reason and common sense.

An insurance company has an interest in preventing the building, and with it the lot or tract of ground upon which it is situate, from being incumbered, or the insured's interest being decreased, but it can be of no possible interest to such company what is done with an adjoining tract of land belonging to the insured which may happen to be included in the general description of the premises in the policy, unless it is so situated or connected with the lot upon which the insured premises stand, as to affect the value or usefulness of the latter.

That is clearly not the case here. Believing that justice has been done, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*